**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| GATEWAY ROYALTY LLC, *et al*., individually, and on behalf of all others similarly situated, | CASE NO. 5:20-cv-02813 |
| Plaintiffs, | JUDGE CHARLES E. FLEMING |
| v. | |
| EAP OHIO LLC, *et al*., | |
| Defendants. | |

**FIRST AMENDED ANSWER OF DEFENDANTS EAP OHIO, LLC, EAP OPERATING, LLC, ENCINO ACQUISITION PARTNERS HOLDINGS LLC, AND ENCINO ENERGY, LLC TO PLAINTIFFS' CLASS ACTION COMPLAINT**

Pursuant to this Court's Case Management Conference Order, ECF No. 24, Defendants EAP Ohio, LLC, EAP Operating, LLC, Encino Acquisition Partners Holdings LLC, and Encino Energy, LLC ("Encino"), for their First Amended Answer to Plaintiffs' Class Action Complaint (the "Complaint"), hereby admit, deny, and aver as follows:

**FIRST DEFENSE**

1. Encino is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and therefore denies same.

2. Encino admits the allegations contained in Paragraph 2 of the Complaint.

3. In response to Paragraph 3 of the Complaint, Encino denies that "EAP Holdings LLC" has a principal place of business at 5847 San Felipe Street, Suite 300, Houston, Texas 77057. Further responding, Encino is without sufficient knowledge or information to form a belief as to

the truth of the remaining allegations contained in Paragraph 3 of the Complaint and therefore denies same.

4.　　Encino admits the allegations contained in Paragraph 4 of the Complaint. Answering further, Encino denies that EAP Operating, LLC, is a proper party to this action.

5.　　Encino admits the allegations contained in Paragraph 5 of the Complaint. Answering further, Encino denies that Encino Acquisition Partners Holdings, LLC, is a proper party to this action.

6.　　Encino admits the allegations contained in Paragraph 6 of the Complaint. Answering further, Encino denies that Encino Energy, LLC, is a proper party to this action.

7.　　The allegations set forth in Paragraph 7 of the Complaint contain conclusions of law to which no response is necessary.  To the extent the allegations are deemed factual in nature, they are denied.  Further responding, Encino states that the federal district court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d) ("CAFA").

8.　　The allegations set forth in Paragraph 8 of the Complaint contain conclusions of law to which no response is necessary.  To the extent the allegations are deemed factual in nature, they are denied.

9.　　In response to Paragraph 9 of the Complaint, Encino admits that the Gateway Plaintiffs are Texas citizens for purposes of CAFA.  Further responding, Encino is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 9 of the Complaint and therefore denies same.

10.　　In response to Paragraph 10 of the Complaint, Encino states that EAP Ohio, LLC, EAP Operating, LLC, and Encino Acquisition Partners Holdings LLC are each citizens of Texas and Delaware, and that Encino Energy, LLC is a citizen of Texas, for purposes of CAFA.  Further

responding, Encino states that the remaining allegations set forth in Paragraph 10 of the Complaint contain conclusions of law to which no response is necessary; however, to the extent the allegations are deemed factual in nature, they are denied.

11.     The allegations set forth in Paragraph 11 of the Complaint contain conclusions of law to which no response is necessary.  To the extent the allegations are deemed factual in nature, they are denied.  Further responding, Encino states that the minimal diversity requirements of CAFA are satisfied in this action.

12.     In response to Paragraph 12 of the Complaint, Encino admits that a majority of the oil and gas leases attached to the Complaint involve mineral rights in Carroll County, Ohio, but Encino denies that all of the 48 referenced leases are attached to the Complaint.  Further responding, Encino states that the remaining allegations set forth in Paragraph 12 of the Complaint contain conclusions of law to which no response is necessary; however, to the extent the allegations are deemed factual in nature, they are denied.

13.     Paragraph 13 of the Complaint contains no statements of operative fact to which a response is required, as this paragraph contains only generalized, background statements not specific to Plaintiffs' claims.  To the extent a response is deemed necessary, Encino lacks knowledge or information sufficient to form a belief as to the truth of these statements in the context of Plaintiffs' specific claims.

14.     Paragraph 14 of the Complaint contains no statements of operative fact to which a response is required, as this paragraph contains only generalized, background statements not specific to Plaintiffs' claims.  To the extent a response is deemed necessary, Encino lacks knowledge or information sufficient to form a belief as to the truth of these statements in the context of Plaintiffs' specific claims.

15.     Paragraph 15 of the Complaint contains no statements of operative fact to which a response is required, as this paragraph contains only generalized, background statements not specific to Plaintiffs' claims.   To the extent a response is deemed necessary, Encino lacks knowledge or information sufficient to form a belief as to the truth of these statements in the context of Plaintiffs' specific claims.

16.     Paragraph 16 of the Complaint contains no statements of operative fact to which a response is required, as this paragraph contains only generalized, background statements not specific to Plaintiffs' claims.  Encino generally admits that natural gas may be collected through a gathering system and then delivered into an interstate pipeline.  To the extent a response is deemed necessary to any remaining allegations, Encino lacks knowledge or information sufficient to form a belief as to the truth of these statements in the context of Plaintiffs' specific claims.

17.     Paragraph 17 of the Complaint contains no statements of operative fact to which a response is required, as this paragraph contains only generalized, background statements not specific to Plaintiffs' claims.  Encino generally admits that natural gas comes in varying forms depending on the specific wells in question, which, in turn, requires different levels and types of processing, gathering, and transportation, and further generally admits that natural gas can be sold in various ways.  To the extent a response is deemed necessary to any remaining allegations, Encino lacks knowledge or information sufficient to form a belief as to the truth of these statements in the context of Plaintiffs' specific claims.

18.     Paragraph 18 of the Complaint contains no statements of operative fact to which a response is required, as this paragraph contains only generalized, background statements not specific to Plaintiffs' claims.  Encino generally admits that that natural gas comes in varying forms depending on the specific wells in question, which, in turn, requires different levels and types of

processing, gathering, and transportation, and further generally admits that natural gas can be sold in various ways.  To the extent a response is deemed necessary to any remaining allegations, Encino lacks knowledge or information sufficient to form a belief as to the truth of these statements in the context of Plaintiffs' specific claims.

19.     Paragraph 19 of the Complaint contains no statements of operative fact to which a response is required, as this paragraph contains only generalized, background statements not specific to Plaintiffs' claims.  In response to Paragraph 19 of the Complaint, Encino generally admits that one way in which access can be gained to oil and gas deposits is to lease land or mineral rights in lands that overlay those deposits, that the applicable specific lease terms may provide for a royalty to be paid to a lessor on production and sales, and that oil and gas leases often contain specific provisions governing the calculation and payment of royalties.  To the extent a response is deemed necessary to any remaining allegations, Encino lacks knowledge or information sufficient to form a belief as to the truth of these statements in the context of Plaintiffs' specific claims.

20.     Paragraph 20 of the Complaint contains no statements of operative fact to which a response is required, as this paragraph contains only generalized, background statements not specific to Plaintiffs' claims.  In response to Paragraph 20 of the Complaint, Encino generally admits that one way in which access can be gained to oil and gas deposits is to acquire the lessee interest in leases originally entered into by others.  To the extent a response is deemed necessary to any remaining allegations, Encino lacks knowledge or information sufficient to form a belief as to the truth of these statements in the context of Plaintiffs' specific claims.

21.     Paragraph 21 of the Complaint contains no statements of operative fact to which a response is required, as this paragraph contains only generalized, background statements not

specific to Plaintiffs' claims.  In response to Paragraph 21 of the Complaint, Encino generally admits that producers sometimes form units for oil and gas development by combining acreage of several leases and that the applicable lease terms may provide for royalties to be paid to a lessor based on the lessor's royalty percentage multiplied by the lessor's fractional share of acreage within the unit.  To the extent a response is deemed necessary to any remaining allegations, Encino lacks knowledge or information sufficient to form a belief as to the truth of these statements in the context of Plaintiffs' specific claims.

22.     Paragraph 22 of the Complaint contains no statements of operative fact to which a response is required, as this paragraph contains only generalized, background statements not specific to Plaintiffs' claims.  In response to Paragraph 22 of the Complaint, Encino generally admits that producers may incur both production costs and post-production costs, that production costs may include the costs of drilling and extraction, and that applicable lease terms and/or other applicable law may define the costs to be included in the calculation of royalties to be paid to lessors.  To the extent a response is deemed necessary to any remaining allegations, Encino lacks knowledge or information sufficient to form a belief as to the truth of these statements in the context of Plaintiffs' specific claims.

23.     Paragraph 23 of the Complaint contains no statements of operative fact to which a response is required, as this paragraph contains only generalized, background statements not specific to Plaintiffs' claims.  In response to Paragraph 23 of the Complaint, Encino generally admits that "post-production" costs include costs incurred between the well and the point of sale, and may include gathering, processing, fractionation, and transportation costs, among others.  To the extent a response is deemed necessary to any remaining allegations, Encino lacks knowledge

or information sufficient to form a belief as to the truth of these statements in the context of Plaintiffs' specific claims.

24.     Paragraph 24 of the Complaint contains no statements of operative fact to which a response is required, as this paragraph contains only generalized, background statements not specific to Plaintiffs' claims.  In response to Paragraph 24 of the Complaint, Encino generally admits only that whether the costs of any "post-production" processes are, or are not, considered when calculating a lessor's royalties depends on the applicable lease terms and/or other applicable law.  To the extent a response is deemed necessary to any remaining allegations, Encino lacks knowledge or information sufficient to form a belief as to the truth of these statements in the context of Plaintiffs' specific claims.

25.     Paragraph 25 of the Complaint contains no statements of operative fact to which a response is required, as this paragraph contains only generalized, background statements not specific to Plaintiffs' claims.  In response to Paragraph 25 of the Complaint, Encino generally admits only that whether the costs of any "post-production" processes are, or are not, considered when calculating a lessor's royalties depends on the applicable lease terms and/or other applicable law.  To the extent a response is deemed necessary to any remaining allegations, Encino lacks knowledge or information sufficient to form a belief as to the truth of these statements in the context of Plaintiffs' specific claims.

26.     Encino is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint and therefore denies same.

27.     Encino is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint and therefore denies same.

28.     Paragraph 28 of the Complaint contains no statements of operative fact to which a response is required.  To the extent a response is deemed necessary, Encino denies the allegations contained in Paragraph 28 of the Complaint.

29.     In response to Paragraph 29 of the Complaint, Encino admits that Defendant EAP Ohio, LLC acquired the leases listed on pages 7–9 of the Complaint by assignment from Chesapeake Exploration, L.L.C., and its affiliates in October 2018.  Encino denies the remaining allegations contained in Paragraph 29 of the Complaint.

30.     In response to Paragraph 30 of the Complaint, Encino admits that Defendant EAP Ohio, LLC is the successor lessee, by assignment, of the leases listed on pages 7–9 of the Complaint.  Encino is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 30 of the Complaint and therefore denies same.

31.     The allegations contained in Paragraph 31 of the Complaint refer to a writing, the contents of which speak for themselves.  To the extent these allegations mischaracterize the contents of the writing, such allegations are denied.  Further responding, Encino specifically denies that the referenced lease is attached to the Complaint, and Encino is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 31 of the Complaint and therefore denies same.

32.     The allegations contained in Paragraph 32 of the Complaint refer to a writing, the contents of which speak for themselves.  To the extent these allegations mischaracterize the contents of the writing, such allegations are denied.  Further responding, Encino specifically denies that the quoted language reflects anything other than a so-called "Net Proceeds/Deducts" lease.

33.     The allegations contained in Paragraph 33 of the Complaint refer to writings, the contents of which speak for themselves.  To the extent these allegations mischaracterize the

contents of the writings, such allegations are denied.  Further responding, Encino states that not all of the referenced leases are attached to the Complaint and that not all of the leases attached to the Complaint have been executed.

34.     In response to Paragraph 34 of the Complaint, Encino admits that EAP Ohio, LLC, has been assigned from Chesapeake gathering agreements with Utica East Ohio Midstream, LLC; Cardinal Gas Services, LLC; and other gathering companies.  Encino denies the remaining allegations contained in Paragraph 34 of the Complaint.

35.     Encino denies the allegations contained in Paragraph 35 of the Complaint.

36.     The allegations contained in Paragraph 36 of the Complaint refer to a written online article (the "ProPublica Article"), which is a written document for which the content thereof speaks for itself.  To the extent the allegations contained in Paragraph 36 of the Complaint are intended to independently allege facts, Encino denies the allegations.

37.     Encino is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint and therefore denies same.

38.     Encino is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint and therefore denies same.

39.     In response to Paragraph 39 of the Complaint, Encino denies that it entered into the described transportation agreement.  Answering further, Encino states that EAP Ohio, LLC, was assigned transportation agreements from Chesapeake with the four entities listed in Paragraph 39.

40.     The allegations contained in Paragraph 40 of the Complaint relating to the identity of the "shipper" on an interstate pipeline agreement refer to one or more writings, the contents of which speak for themselves.  To the extent these allegations mischaracterize the contents of the writings, such allegations are denied.  The remaining allegations set forth in Paragraph 40 of the

Complaint contain conclusions of law to which no response is necessary.  To the extent the allegations are deemed factual in nature, they are denied.

41.     In response to Paragraph 41 of the Complaint, Encino admits that Defendant EAP Ohio, LLC is the lessee by assignment of the oil and gas leases listed on pages 7–9 of the Complaint.  Encino denies the remaining allegations contained in Paragraph 41 of the Complaint.

42.     The allegations contained in Paragraph 42 of the Complaint refer to writings, the contents of which speak for themselves.  To the extent these allegations mischaracterize the contents of the writings, such allegations are denied.

43.     Encino denies the allegations contained in Paragraph 43 of the Complaint.

44.     Encino denies the allegations contained in Paragraph 44 of the Complaint.

45.     Encino denies the allegations contained in Paragraph 45 of the Complaint.

46.     Encino denies the allegations contained in Paragraph 46 of the Complaint.

47.     Encino denies the allegations contained in Paragraph 47 of the Complaint.

48.     Encino denies the allegations contained in Paragraph 48 of the Complaint.

49.     Encino denies the allegations contained in Paragraph 49 of the Complaint.

50.     Encino denies the allegations contained in Paragraph 50 of the Complaint.

51.     Encino denies the allegations contained in Paragraph 51 of the Complaint.

52.     Encino denies the allegations contained in Paragraph 52 of the Complaint.

53.     Encino denies the allegations contained in Paragraph 53 of the Complaint.

54.     Encino incorporates by reference its responses to Paragraphs 1 through 53 of the Complaint as if fully restated herein.

55.     In response to Paragraph 55 of the Complaint, Encino denies that any royalty payments have been diminished by improper cost deductions by Encino.  Encino is without

sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 55 of the Complaint and therefore denies same.

56.     Encino denies the allegations contained in Paragraph 56 of the Complaint, except that Encino admits that Paragraph 56 identifies the class of persons on whose behalf the Gateway Plaintiffs purport to assert claims.  Encino also specifically denies that this action is suitable for resolution on a class-wide basis and that the individuals that the Gateway Plaintiffs purport to represent can be properly certified as a class.

57.     Encino admits that the members of the putative class exceed 100 in number, but Encino denies the remaining allegations contained in Paragraph 57 of the Complaint.  Encino also specifically denies that this action is suitable for resolution on a class-wide basis and that the individuals that the Gateway Plaintiffs purport to represent can be properly certified as a class.

58.     Encino denies the allegations contained in Paragraph 58 of the Complaint.  Encino also specifically denies that this action is suitable for resolution on a class-wide basis and that the individuals that the Gateway Plaintiffs purport to represent can be properly certified as a class, and denies that it breached any lease obligations to the Gateway Plaintiffs or purported class members.

59.     Encino denies the allegations contained in Paragraph 59 of the Complaint.  Encino also specifically denies that this action is suitable for resolution on a class-wide basis and that the individuals that the Gateway Plaintiffs purport to represent can be properly certified as a class, and denies that it breached any lease obligations to the Gateway Plaintiffs or purported class members.

60.     Encino denies the allegations contained in Paragraph 60 of the Complaint.  Encino also specifically denies that this action is suitable for resolution on a class-wide basis and that the individuals that the Gateway Plaintiffs purport to represent can be properly certified as a class.

61.     Encino denies the allegations contained in Paragraph 61 of the Complaint.  Encino also specifically denies that this action is suitable for resolution on a class-wide basis and that the individuals that the Gateway Plaintiffs purport to represent can be properly certified as a class.

62.     Encino denies the allegations contained in Paragraph 62 of the Complaint.  Encino also specifically denies that this action is suitable for resolution on a class-wide basis and that the individuals that the Gateway Plaintiffs purport to represent can be properly certified as a class.

63.     Encino denies the allegations contained in Paragraph 63 of the Complaint.  Encino also specifically denies that this action is suitable for resolution on a class-wide basis and that the individuals that the Gateway Plaintiffs purport to represent can be properly certified as a class.

64.     Encino denies the allegations contained in Paragraph 64 of the Complaint.  Encino also specifically denies that this action is suitable for resolution on a class-wide basis and that the individuals that the Gateway Plaintiffs purport to represent can be properly certified as a class, and denies that it breached any lease obligations to the Gateway Plaintiffs or purported class members.

65.     Encino denies the allegations contained in Paragraph 65 of the Complaint.  Encino also specifically denies that this action is suitable for resolution on a class-wide basis and that the individuals that the Gateway Plaintiffs purport to represent can be properly certified as a class.

66.     Encino denies the allegations contained in Paragraph 66 of the Complaint.  Encino also specifically denies that this action is suitable for resolution on a class-wide basis and that the individuals that the Gateway Plaintiffs purport to represent can be properly certified as a class.

67.     Encino denies the allegations contained in Paragraph 67 of the Complaint.  Encino also specifically denies that this action is suitable for resolution on a class-wide basis and that the individuals that the Gateway Plaintiffs purport to represent can be properly certified as a class.

68.     Encino denies the allegations contained in Paragraph 68 of the Complaint.  Encino also specifically denies that this action is suitable for resolution on a class-wide basis and that the individuals that the Gateway Plaintiffs purport to represent can be properly certified as a class.

69.     Encino denies the allegations contained in Paragraph 69 of the Complaint.  Encino also specifically denies that this action is suitable for resolution on a class-wide basis and that the individuals that the Gateway Plaintiffs purport to represent can be properly certified as a class.

70.     Encino denies the allegations contained in Paragraph 70 of the Complaint.  Encino also specifically denies that this action is suitable for resolution on a class-wide basis and that the individuals that the Gateway Plaintiffs purport to represent can be properly certified as a class.

71.     Encino is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 71 of the Complaint and therefore denies same.

72.     Encino is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 72 of the Complaint and therefore denies same. Encino also specifically denies that this action is suitable for resolution on a class-wide basis and that the individuals that the Gateway Plaintiffs purport to represent can be properly certified as a class.

73.     In response to Paragraph 73 of the Complaint, Encino admits that a majority of the oil and gas leases attached to the Complaint involve mineral rights in Carroll County, Ohio. Further responding, Encino states that the remaining allegations set forth in Paragraph 73 of the Complaint contain conclusions of law to which no response is necessary; however, to the extent the allegations are deemed factual in nature, they are denied.

74.     Encino denies the allegations contained in Paragraph 74 of the Complaint.  Encino also specifically denies that this action is suitable for resolution on a class-wide basis and that the individuals that the Gateway Plaintiffs purport to represent can be properly certified as a class.

75.     Encino denies the allegations contained in Paragraph 75 of the Complaint.  Encino also specifically denies that this action is suitable for resolution on a class-wide basis and that the individuals that the Gateway Plaintiffs purport to represent can be properly certified as a class.

76.     Encino denies the allegations contained in Paragraph 76 of the Complaint.  Encino also specifically denies that this action is suitable for resolution on a class-wide basis and that the individuals that the Gateway Plaintiffs purport to represent can be properly certified as a class.

77.     Encino denies the allegations contained in Paragraph 77 of the Complaint.  Encino also specifically denies that this action is suitable for resolution on a class-wide basis and that the individuals that the Gateway Plaintiffs purport to represent can be properly certified as a class.

78.     Encino incorporates by reference its responses to Paragraphs 1 through 77 of the Complaint as if fully restated herein.

79.     In response to Paragraph 79 of the Complaint, Encino admits that Defendant EAP Ohio, LLC is the lessee by assignment of the Gardner oil and gas lease listed on page 7 of the Complaint and has the obligation to pay royalties according to the terms of said lease.  Encino specifically denies that this action is suitable for resolution on a class-wide basis and that the individuals that the Gateway Plaintiffs purport to represent can be properly certified as a class. Further responding, Encino denies the remaining allegations contained in Paragraph 79 of the Complaint.

80.     Encino denies the allegations contained in Paragraph 80 of the Complaint.

81.     The allegations contained in Paragraph 81 of the Complaint refer to writings, the contents of which speak for themselves.  To the extent these allegations mischaracterize the contents of the writings, such allegations are denied.  Further responding, Encino states that whether costs are, or are not, considered when calculating a lessor's royalties depends on the applicable lease terms or other applicable law.

82.     Encino denies the allegations contained in Paragraph 82 of the Complaint.

83.     In response to Paragraph 83 of the Complaint, Encino states that the record in Case No. 4:15-cv-2449 (ND Ohio) speaks for itself.  To the extent these allegations mischaracterize the contents of the record, such allegations are denied.  Further responding, Encino denies the remaining allegations contained in Paragraph 83 of the Complaint.

84.     The allegations set forth in Paragraph 84 of the Complaint contain conclusions of law to which no response is necessary.  To the extent the allegations are deemed factual in nature, they are denied.

85.     Encino denies the allegations contained in Paragraph 85 of the Complaint.

86.     Encino denies the allegations contained in Paragraph 86 of the Complaint.

87.     Encino denies the allegations contained in Paragraph 87 of the Complaint.

88.     Encino denies the allegations contained in Paragraph 88 of the Complaint.

89.     Encino denies the allegations contained in Paragraph 89 of the Complaint.

90.     Encino denies the allegations contained in Paragraph 90 of the Complaint.

91.     Encino denies the allegations contained in Paragraph 91 of the Complaint.

92.     Encino denies the allegations contained in Paragraph 92 of the Complaint.  Encino also denies that plaintiffs have suffered any cognizable injury in this case and specifically denies that plaintiffs are entitled to any form of damages or other relief.

93.     Encino incorporates by reference its responses to Paragraphs 1 through 92 of the Complaint as if fully restated herein.

94.     In response to Paragraph 94 of the Complaint, Encino admits that Defendant EAP Ohio, LLC is the lessee by assignment of the oil and gas leases listed on pages 7–9 of the Complaint and has the obligation to pay royalties according to the terms of said leases.  Encino specifically denies that this action is suitable for resolution on a class-wide basis and that the individuals that the Gateway Plaintiffs purport to represent can be properly certified as a class.  Further responding, Encino denies the remaining allegations contained in Paragraph 94 of the Complaint.

95.     Encino denies the allegations contained in Paragraph 95 of the Complaint.

96.     The allegations set forth in Paragraph 96 of the Complaint contain conclusions of law to which no response is necessary.  To the extent the allegations are deemed factual in nature, they are denied.

97.     Encino denies the allegations contained in Paragraph 97 of the Complaint.

98.     Encino denies the allegations contained in Paragraph 98 of the Complaint.

99.     Encino denies the allegations contained in Paragraph 99 of the Complaint.

100.    Encino denies the allegations contained in Paragraph 100 of the Complaint.

101.    Encino denies the allegations contained in Paragraph 101 of the Complaint.

102.    Encino denies the allegations contained in Paragraph 102 of the Complaint.

103.    Encino denies the allegations contained in Paragraph 103 of the Complaint.

104.    Encino denies the allegations contained in Paragraph 104 of the Complaint.  Encino also denies that plaintiffs have suffered any cognizable injury in this case and specifically denies that plaintiffs are entitled to any form of damages or other relief.

105.    Encino incorporates by reference its responses to Paragraphs 1 through 104 of the Complaint as if fully restated herein.

106.    Encino denies the allegations contained in Paragraph 106 of the Complaint.

107.    Encino denies the allegations contained in Paragraph 107 of the Complaint.

108.    Encino denies the allegations contained in Paragraph 108 of the Complaint.  Encino also denies that plaintiffs have suffered any cognizable injury in this case and specifically denies that plaintiffs are entitled to any form of relief.

109.    Encino denies each and every allegation not expressly admitted to herein.  Encino also specifically denies that the Gateway Plaintiffs and the putative class they seek to represent are entitled to any relief whatsoever in this matter.

## SECOND DEFENSE

110.    The Gateway Plaintiffs and/or members of the putative class lack standing and/or their claims are not ripe because they have suffered no injury under the facts alleged.

## THIRD DEFENSE

111.    The Complaint fails to state a claim upon which relief can be granted.

## FOURTH DEFENSE

112.    The Gateway Plaintiffs' claims, in whole or in part, are barred by failure to satisfy the condition precedent of providing notice to Encino of any alleged breach of the lease(s).

## FIFTH DEFENSE

113.    The claims in the Complaint cannot be sustained as a class action.

## SIXTH DEFENSE

114.    The Gateway Plaintiffs' and/or members of the putative class's claims are barred, in whole or in part, by the terms of their respective oil and gas leases and/or other applicable law.

## SEVENTH DEFENSE

115.    The Gateway Plaintiffs' and/or members of the putative class's claims are barred, in whole or in part, by the doctrines of waiver, unclean hands, and/or acquiescence.

## EIGHTH DEFENSE

116.    The Gateway Plaintiffs' and/or members of the putative class's claims are barred, in whole or in part, by the doctrine of ratification.

## NINTH DEFENSE

117.    The Gateway Plaintiffs' and/or members of the putative class's claims are barred, in whole or in part, to the extent that any damages alleged in the Complaint were caused by others and there is no basis to hold Encino jointly liable for the actions of others.

## TENTH DEFENSE

118.    The Gateway Plaintiffs' and/or members of the putative class's claims are barred, in whole or in part, by the defenses of settlement, payment, release, and/or accord and satisfaction.

## ELEVENTH DEFENSE

119.    The Gateway Plaintiffs' and/or members of the putative class's claims are barred, in whole or in part, because they have asserted improper causes of action against improper parties.

## TWELFTH DEFENSE

120.    The Gateway Plaintiffs' and/or members of the putative class's claims are barred, in whole or in part, by the statute of limitations.

## THIRTEENTH DEFENSE

121.    The Gateway Plaintiffs' and/or members of the putative class's claims are barred, in whole or in part, by the doctrines of estoppel and/or laches.

## FOURTEENTH DEFENSE

122.  The Gateway Plaintiffs' and/or members of the putative class's claims are barred, in whole or in part, by the failure to join necessary and/or indispensable parties.

## FIFTEENTH DEFENSE

123.  This Court lacks personal jurisdiction over one or more of the Defendants.

## SIXTEENTH DEFENSE

124.  The Gateway Plaintiffs' and/or members of the putative class's claims are barred, in whole or in part, to the extent the applicable lease contains an arbitration provision.

## SEVENTEENTH DEFENSE

125.  The Gateway Plaintiffs' and/or members of the putative class's claims are barred by res judicata or collateral estoppel.

## EIGHTEENTH DEFENSE

126.  The Gateway Plaintiffs and/or members of the putative class have failed to mitigate their damages, if any.

**WHEREFORE,** Defendants request that judgment be entered against Plaintiffs as follows:

(a)  That the Class Action Complaint be dismissed with prejudice and judgment be entered in favor of Defendants;

(b)  That Defendants recover all costs of this suit as allowed by law; and

(c)  That Defendants be awarded such other and further relief as this Court deems just and proper at law or in equity.

Respectfully submitted,

**Vorys, Sater, Seymour and Pease LLP**

 /s/  *Timothy B. McGranor*
Timothy B. McGranor (0072365)
Mitchell A. Tobias (0084833)
Ilya Batikov (0087968)
52 East Gay Street, P.O. Box 1008
Columbus, OH  43216-1008
Telephone:   (614) 464-6400
Facsimile:   (614) 719-4954
Email:        tbmcgranor@vorys.com
                 matobias@vorys.com
                 ibatikov@vorys.com

Aaron M. Williams (0090319)
200 Public Square, Suite 1400
Cleveland, Ohio 44114
Telephone:   (216) 479-6100
Facsimile:   (216) 479-6060
Email:        amwilliams@vorys.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

This is to certify that on June 30, 2022, a copy of the foregoing was filed electronically through the Court's CM/ECF system.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*/s/ Timothy B. McGranor*
Timothy B. McGranor (0072365)