# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| GATEWAY ROYALTY LLC, et al., individually and on behalf of all others similarly situated, | ) CASE NO. 1:20-CV-2813 ) ) ) JUDGE CHARLES E. FLEMING ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| EAP OHIO LLC, et al., | ) ) |
| Defendants. | ) **ORDER RESOLVING ECF NOS. 115,** ) **122, AND 125** |

## I. PROCEDURAL BACKGROUND

On May 21, 2024, upon agreement of the parties, the Court set case management dates regarding class certification and dispositive motions. (ECF No. 84). Plaintiffs' motion for class certification was due March 17, 2025, with oppositions due April 21, 2025, and replies due May 12, 2025. (*Id.* at PageID #2036). The parties complied with those deadlines. (ECF Nos. 98, 107 & 114). *Daubert*-based motions were due April 21, 2025, with oppositions due May 12, 2025, and replies due May 19, 2025. (ECF No. 84, PageID #2036). The parties also complied with those deadlines. (ECF Nos. 103, 105, 106, 110, 111, 112, 117, 118 & 120). The Order also set a hearing on the parties' *Daubert* motions for June 17, 2025, at 9:00 AM, and another hearing on Plaintiffs' motion for class certification, on July 15, 2025, at 9:00 AM. (ECF No. 84, PageID #2036). Beyond class certification, the Court's Order set a dispositive motions deadline for "180 days after this Court's ruling on Plaintiffs' Motion for Class Certification." (*Id.*).

While the parties were still briefing their *Daubert* motions, Plaintiffs filed a Motion for Summary Judgment on Defendants' Affirmative Defense of Lack of Pre-Suit Notice. (ECF No. 115). Plaintiffs argue that the pre-suit notice they tendered to Defendants before this case was filed sufficiently put Defendants on notice of Plaintiffs' claims. (ECF No. 116., Mem. in Supp. of

1

Mot. for Summ. J., PageID #4834–35). Plaintiffs also argue that none of the potential class members must provide pre-suit notice in order to join the class. (*Id.* at PageID #4835–36). Even if they did have to tender pre-suit notice, Plaintiffs claim that Defendants had constructive notice of putative class member claims, that Defendants waived their pre-suit-notice defense, and that class members are excused from tendering pre-suit notice because such effort would have been futile. (*Id.* at PageID #4836–42).

Thereafter, Plaintiffs filed a motion to continue the *Daubert* and class certification hearings pending a ruling on their dispositive motion. (ECF No. 122). Defendants filed their own motion asking the Court to deny the motion for summary judgment without prejudice, or alternatively, stay briefing on Plaintiffs' motion pending a ruling on class certification. (ECF No. 125). Both motions are fully briefed. (ECF Nos. 126 & 128). The crux of both matters is whether a decision on Plaintiffs' pre-suit notice arguments would be on the merits, or merely a threshold determination. If the former, the motion for summary judgment violates the rule against one-way intervention and cannot be ruled on until after the Court decides whether to certify the class. If the latter, resolution of Plaintiffs' motion for summary judgment would be more efficient for all involved rather than proceeding to class certification.

**II.     DISCUSSION**

   **A. The Rule Against One-Way Intervention**

The one-way intervention rule precludes the court from issuing merits decisions before the court decides whether to certifies a class. *Gooch v. Life Invs. Ins. Co. of Am.*, 672 F.3d 402, 432 (6th Cir. 2012). In a Rule 23(b)(3) class action (like this one), the Court cannot bind putative class members to favorable or unfavorable merits rulings because due process demands that they first receive appropriate notice and the opportunity to opt-out. *Becherer v. Merrill Lynch, Pierce, Fenner, & Smith, Inc.*, 139 F.3d 415, 430 (6th Cir. 1999) (J. Moore, concurring). This creates a

situation in which absent class members become spectators, using the court's decisions on the merits of the case as guideposts to decide whether to ultimately commit to the class. *Id.*; *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 547 (1974) (explaining that putative class members should not be able to "benefit from a favorable judgment without subjecting themselves to the binding effect of an unfavorable one").

The rule is one of fairness; as one district court observed when faced with plaintiffs who wanted to stay their litigation while waiting for the outcome of a separate class action:

> [S]ince Plaintiffs are not within the class defined in *Harris,* this effectively means that their position is that they should get the benefit of "one-way intervention" in the *Harris* cases.  If *Harris* settles, Plaintiffs claim entitlement to participate, asserting that Defendants "undoubtably [sic] will seek a settlement of all similar claims with as broad a release as they can possibly negotiate." *Memorandum in Support of Plaintiffs' Motion to Abate,* at 5.  If Plaintiffs in *Harris* lose, no doubt . . . Plaintiffs will claim that they should be able to take a second bite at the apple by picking up where they stopped two years ago and begin prosecuting their case based on claims relating to the same basic nexus of operative facts, namely, Defendants' issuance of credit reports that included tradelines for Capital One that did not have credit limits.  If Plaintiffs in *Harris* win, these . . . Plaintiffs will claim that they are entitled to collateral estoppel against Defendants, and if not successful in this, will go back and start the litigation process all over again.  Federal Rule 23 was amended in 1966 to prevent the one-way intervention that Plaintiffs seek to practice here.  Plaintiffs must either be a part of the class, or litigate on their own without the benefit of collateral estoppel. They have done neither.  They are not allowed to sit idly by, watch what happens, and then make a tactical decision to secure the benefits of the resolution of the earlier class action. There are sound reasons for this rule, including the avoidance of duplication of effort and the attendant expenses of such duplication.
>
> Each agency will be required to duplicate discovery and motions practice which could have and should have been done in conjunction with the Harris cases. The plaintiffs claim that this is potential prejudice and it is not the standard in the Fourth Circuit. This argument is without merit. ***The prejudice resulting from delay is obvious. The defendants will certainly have to reproduce discovery and motions. They will also have to spend more time and money on issues which could have been addressed with the Harris cases.***

*Byerson v. Equifax Info. Servs., LLC*, No. 6:07-cv-00005, 2009 WL 82497, at *2 (D.S.C.

3

Jan. 9, 2009) (emphasis added). While Rule 23(b)(3)'s "opt out" provision may anticipate the potential for duplicate litigation, Edward F. Sherman, *Class Actions and Duplicative Litigation*, 62 Ind. L. J. 507, 530-31 (Summer 1987) (quoting *In re Glenn W. Turner Enters. Litig.*, 521 F.2d 775, 781 (3d Cir. 1975)), potential plaintiffs may not wait to exercise that right until after a merits ruling. *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 354 n.14 (1980) (Powell, J., dissenting) ("In actions brought under Rule 23(b)(3), a class member must decide *at the time of certification* whether to "opt out" of the action under Rule 23(c)(2). This provision was designed to bring an end to "spurious" class action in which class members were permitted to intervene after a decision on the merits in order to secure the benefits of that decision.") (emphasis added).

### B.  Conditions Precedent as a Merits Issue

The parties agree that the pre-suit notice at issue here was a condition precedent to Plaintiffs' right of action regarding its leases and at least some of the putative class leases. (ECF No. 123, PageID #4926; ECF No. 125, PageID #4943–44). The parties diverge in their interpretations of the legal significance of pre-suit notice. Plaintiffs claim that pre-suit notice is a threshold, justiciability issue. (ECF No. 123, PageID #4926–27). Defendants argue that pre-suit notice goes to the merits of Plaintiffs' case because affirmative defenses always challenge the merits of the complaints against which they are filed. (ECF No. 125, PageID #4943–44).

In a sense, the parties are each correct and incorrect. The Sixth Circuit has described a decision on the merits as one ringing the "death knell" of the litigation. *Mitchell v. Chapman*, 343 F.3d 811, 821 (6th Cir. 2003) (quoting *Wilkins v. Jakeway*, 183 F.3d 528, 534 (6th Cir. 1999)). That decision need not reach the plaintiff's substantive claims to operate on the merits—*i.e.*, bar future litigation of those claims. 18A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4435 (3d ed. 2025).

Generally, a failure to satisfy a condition precedent is not a merits issue; indeed, "a

dismissal for failing to meet a condition precedent is a decision on the merits *only if* the aggrieved party is permanently foreclosed from fulfilling the condition." *Id.* (emphasis added). One way that can happen is when the statute of limitations expires before the party performs the condition. *Id.* at 820. In that instance, dismissal for failure to perform a condition precedent operates as a dismissal on the merits, since the plaintiff can no longer refile the complaint within the limitations period. *See Kirkbride v. Antero Res. Corp.*, No. 2:23-cv-3212, 2023 WL 3321223, at *3 (S.D. Ohio May 9, 2023) (holding that the plaintiff was "permanently foreclosed . . . from asserting claims because of Plaintiff's failure to provide pre-lawsuit notice during the requisite period").

Ohio recognizes a six-year statute of limitations on claims for breach of contract. Ohio Rev. Code Ann. § 2305.06 (West 2021). Plaintiffs' Amended Complaint alleges that their three counts for breach of contract accrued in October 2018. (ECF No. 90, PageID #2067–69). That means that the statute of limitations on those claims expired in October 2024, and any refiling of this case would be barred by the limitations period. The Court's decision relating to pre-suit notice therefore has the potential to permanently foreclose Plaintiffs' claims, thus operating on the merits. Accordingly, such decision would violate the rule against one-way intervention.

Plaintiffs appear to recognize this problem. Their motion for summary judgment asks the Court to issue a 60-day stay, rather than dismissal, if the Court finds inadequacy in their pre-suit notice. (ECF No. 116, PageID #4842–43). The Court declines to address this issue before it decides whether to certify the class. If a class is certified, a subsequent order as to the instant issue will bind the class.

### III. CONCLUSION

Based on the foregoing, a decision on Plaintiffs' motion for summary judgment would violate the rule against one-way intervention. Therefore, Defendants' motion to deny Plaintiffs' motion for summary judgment without prejudice (ECF No. 125) is **GRANTED**. Plaintiffs' motion

5

to continue the *Daubert* and class certification hearings (ECF No. 122) is **DENIED**. The *Daubert* and class certification hearings will proceed as scheduled. Plaintiffs' motion for summary judgment (ECF No. 115) is **DENIED WITHOUT PREJUDICE** to its refiling in accordance with the Court's case management schedule.

**IT IS SO ORDERED.**

Date: June 10, 2025

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**