IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GATEWAY ROYALTY LLC, *et al.* <br><br> Plaintiffs <br><br> v. <br><br> EAP OHIO LLC, *et al.* <br><br> Defendants. | Case No. 5:20-cv-02813 <br><br> JUDGE CHARLES E. FLEMING |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF (1) THEIR MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSE THAT UNNAMED CLASS MEMBERS FAILED TO PROVIDE PRE-SUIT NOTICE AND (2) MOTION *IN LIMINE* TO PRECLUDE EVIDENCE AND ARGUMENT ON THAT DEFENSE AT THE CLASS CERTIFICATION HEARING**

Plaintiffs respectfully submit this memorandum in support of (1) their motion to strike Defendants' affirmative defense that unnamed class members failed to provide pre-suit notice and (2) motion *in limine* to preclude evidence and argument on that defense at the class certification hearing.

**BACKGROUND**

1.  On January 15, 2021, Defendants raised the following affirmative defense in paragraph 112 of their Answer [Doc. # 12] to Plaintiffs' Class Action Complaint [Doc. # 1-1]:

    *The Gateway Plaintiffs' claims*, in whole or in part, are barred by failure to satisfy the condition precedent of providing notice to Encino of any alleged breach of the lease(s). (Emphasis added).

2.  Five years later, on July 12, 2024, Defendants raised the following affirmative defense in paragraph 109 of their Answer [Doc. No. 92] to Plaintiffs' Amended Class Action Complaint [Doc. No. 90]:

1

Plaintiffs' *and/or claims of the putative class's are barred*, in whole or in part, by failure to satisfy the condition precedent of providing notice to Encino of any alleged breach of the lease(s). (Emphasis added).

## **ARGUMENT**

"Failure to plead an affirmative defense *in the first responsive pleading* generally results in a waiver of that defense." *Horton v. Potter*, 369 F.3d 906, 911 (6th Cir. 2004), citing *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988) (Emphasis added). See also *ACT, Inc. v. Worldwide Interactive Network, Inc.*, 46 F.4[th] 489, 507 (6th Cir. 2022) (Defendants can forfeit affirmative defenses when they inexplicably delay assertion of those defenses).

Here, Defendants did not raise the defense of lack of pre-suit notice *as to unnamed class members* until almost *five years* after they filed their initial answer. Accordingly, this Court should strike Defendants' affirmative defense that *unnamed* class members failed to provide pre-suit notice and preclude any evidence and argument on that argument at the class certification hearing.

Respectfully submitted,

*/s/ Robert C. Sanders*
Robert C. Sanders
LAW OFFICE OF ROBERT C. SANDERS
12051 Old Marlboro Pike
Upper Marlboro. MD 20772
Tel. 410-371-2132
 robert.sanders@verizon.net

*Counsel for Plaintiffs*

2

**CERTIFICATE OF SERVICE**

I hereby certify that on December 26, 2025, the foregoing was served by e-mail and via the Court's CM/ECF System on the counsel below.

> Timothy B. McGranor (0072365)
> Mitchell A. Tobias (0084833)
> Ilya Batikov (0087968)
> Aaron M. Williams (0090319)
> VORYS, SATER, SEYMOUR & PEASE LLP
> 52 East Gay Street, P.O. Box 1008
> Columbus, OH  43216-1008
> Email: tbmcgranor@vorys.com
> matobias@vorys.com
> ibatikov@vorys.com
> amwilliams@vorys.com
>
> Daniel T. Donovan, P.C. (0067833)
> Holly Trogdon (*pro hac vice*)
> KIRKLAND & ELLIS LLP
> 1301 Pennsylvania Avenue, N.W.
> Washington, D.C. 20004
> Email: daniel.donovan@kirkland.com
> Email: holly.trogdon@kirkland.com

> */s/ Robert C. Sanders*
> Robert C. Sanders
> LAW OFFICE OF ROBERT C. SANDERS
> 12051 Old Marlboro Pike
> Upper Marlboro. MD 20772
> Tel. 410-371-2132
> robert.sanders@verizon.net
>
> *Counsel for Plaintiffs*